# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

## CAPITAL CASE

JACK HAROLD JONES                                                                    PLAINTIFF

v.                                    Case No. 5:17-cv-00111 KGB

WENDY KELLEY, *et al.*                                                              DEFENDANTS

## ORDER

Plaintiff Jack Harold Jones brings this "as applied" challenge under 42 U.S.C. § 1983 and the Eighth Amendment of the United States Constitution to the state of Arkansas's lethal injection protocol. Mr. Jones and eight other inmates serving on death row in Arkansas brought a "facial" challenge to Arkansas's lethal injection protocol in a separate action before this Court. *See McGehee v. Hutchinson*, No. 4:17-cv-00179 (E.D. Ark. filed March 27, 2017). Plaintiffs filed *McGehee* on March 27, 2017. Mr. Jones, who is scheduled to be executed on April 24, 2017, filed this action along with a motion for a preliminary injunction on April 17, 2017. Before the Court is Mr. Jones' motion for a preliminary injunction (Dkt. No. 8).

The Court held an evidentiary hearing on Mr. Jones' motion for a preliminary injunction on April 21, 2017. The parties agreed to incorporate the record and all exhibits received during the Court's evidentiary hearings conducted in *McGehee*. The Court heard additional testimony and received additional exhibits related to Mr. Jones' as applied challenge at the April 21, 2017, hearing. Mr. Jones called as witnesses Dr. Joel Zivot, who testified at the Court's hearing in *McGehee*, as well as Director Wendy Kelley. Dr. Zivot reviewed all of Mr. Jones' medical records and conducted an in person examination of Mr. Jones on March 23, 2017. In reaching its determination on Mr. Jones' motion for a preliminary injunction, the Court considered all of the

testimony and evidence presented at the Court's evidentiary hearings in *McGehee*, the attachments to the parties' pleadings and filings in this action, and the testimony and evidence offered at the Court's evidentiary hearing in this action.

**I.   Legal Standard**

When determining whether to grant a motion for preliminary injunction, this Court considers: (1) the threat of irreparable harm to the movant; (2) the movant's likelihood of success on the merits; (3) the balance between the harm to the movant and the injury that granting an injunction would cause other interested parties; and (4) the public interest. *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013) (quoting *Dataphase Sys. Inc. v. CL Sys.,* 640 F.2d 109, 114 (8th Cir. 1981)). In cases where condemned inmates seek "time to challenge the manner in which the State plans to execute them[,]" plaintiffs must show "a significant possibility of success on the merits." *Jones v. Hobbs*, 604 F.3d 580, 581 (8th Cir. 2010) (internal quotation marks omitted) (quoting *Hill v. McDonough,* 547 U.S. 573, 584 (2006)). Preliminary injunctive relief is an extraordinary remedy, and the party seeking such relief bears the burden of establishing the four *Dataphase* factors. *Watkins Inc. v. Lewis,* 346 F.3d 841, 844 (8th Cir. 2003). The focus is on "whether the balance of the equities so favors the movant that justice requires the court to intervene to preserve the *status quo* until the merits are determined." *Id*. Furthermore, before granting a request for stay of an execution, a "district court must consider not only the likelihood of success on the merits and the relative harms to the parties, but also the extent to which the inmate has delayed unnecessarily in bringing the claim, which counsels against the entry of an equitable remedy." *Nooner v. Norris*, 491 F.3d 804, 808 (8th Cir. 2007) (quoting *Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004) (internal quotation marks omitted)).

## II. Discussion

The Court denies Mr. Jones' motion for a preliminary injunction (Dkt. No. 8). A court considering a stay of execution must "apply 'a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay.'" *Hill*, 547 U.S. at 584 (quoting *Nelson*, 541 U.S. at 650). That same equitable standard applies to this as-applied challenge. *See Johnson v. Lombardi*, 809 F.3d 388, 389 (8th Cir. 2015) (reciting the *Hill* standard when denying a motion for stay of execution based on an as-applied challenge to the method of execution).

Because that standard applies to as-applied challenges, and given the Eighth Circuit's decision in *McGehee*, which is binding on this Court, this Court feels compelled to observe that Mr. Jones' "use of 'piecemeal litigation' and dilatory tactics is sufficient reason by itself to deny a stay." *McGehee v. Hutchinson*, No. 17-1804, 2017 WL 1404693, at *2 (8th Cir. Apr. 17, 2017), *cert. denied* (Apr. 21, 2017) (per curiam) (quoting *Hill*, 547 U.S. at 584-85). This Court recognizes, however, that the Eighth Circuit may confine that determination to the facial challenge in *McGehee* and except from it the as-applied challenge here, given the nature of the as applied inquiry into an inmate's specific medical condition when execution is imminent. *See Bucklew v. Lombardi*, 783 F.3d 1120, 1127 (8th Cir. 2015) (citing *Siebert v. Allen*, 506 F.3d 1047, 1050 (11th Cir. 2007)).

As a result, the Court will proceed with its analysis. The Court also finds that, in the light of the Eighth Circuit's decision in *McGehee*, Mr. Jones failed to offer sufficient evidence to show that there is a significant possibility that he will succeed on the merits of his method of execution claim.

### A. Diligence In Bringing This Action

On April 18, 2017, the Court entered a Show Cause Order, directing Mr. Jones to show cause why this Court should not find, consistent with the Eighth Circuit's decision in *McGehee*, that this action must be dismissed (Dkt. No. 12). Mr. Jones filed a timely response to the Court's Show Cause Order (Dkt. No. 16). Mr. Jones argues that he was not dilatory in filing his as applied claim on April 17, 2017, because:

1. His as-applied claim is analogous to a competency claim under *Ford v. Wainwright*, 477 U.S. 399 (1986), meaning he "was not dilatory in bringing the instant action because an as-applied challenge should ripen with an execution date" (*Id.*, at 1-2); and

2. His medical condition is fluid and has gotten worse, meaning "assessment of the risks of the lethal injection protocol should be assessed at the time his execution is imminent" (*Id.*, at 2).

Even assuming that Mr. Jones is correct that his claim did not become ripe until Governor Hutchinson set his execution date on February 27, 2017, and that his physical condition should be evaluated when execution is imminent, the Court finds that, consistent with and based upon the Eighth Circuit's decision in *McGehee*, Mr. Jones was not diligent in bringing this action. Mr. Jones filed a facial challenge to the lethal injection protocol on March 27, 2017. Dr. Zivot examined Mr. Jones on March 23, 2017, before the complaint in *McGehee* was filed (Dkt. No. 16, at 19). In the light of the Eighth Circuit's decision in *McGehee* and based upon that decision, the Court finds that Mr. Jones could and should have brought his as applied claim earlier than April 17, 2017. He provides no good reason for why his as applied claim could not have been included in *McGehee* or been filed at the same time as *McGehee*. The Court finds that Mr. Jones has split his claims and has not been diligent in pursuing his as applied claims.

### B. Significant Possibility Of Success

Even if Mr. Jones was diligent in bringing this action, as a result of the Eighth Circuit's decision in *McGehee*, the Court would deny his motion for a preliminary injunction. Challenges to a state's method of execution under the Eighth Amendment are analyzed under a two-prong test established by the Supreme Court in *Baze v. Rees*, 553 U.S. 35 (2008), and *Glossip v. Gross*, 135 S. Ct. 2726 (2015). Plaintiffs have the burden of proving that "the State's lethal injection protocol creates a demonstrated risk of severe pain" and "the risk is substantial when compared to the known and available alternatives." *Glossip*, 135 S. Ct. at 2737 (citing *Baze*, 553 U.S. at 61). Under the first prong of *Glossip*, Mr. Jones must show that "the method presents a risk that is '*sure or very likely* to cause serious illness and needless suffering, and give rise to 'sufficiently *imminent* dangers.'" *Id.* (citing *Baze*, 553 U.S. at 50). Under the second prong of *Glossip*, Mr. Jones must offer an alternative method that is "'feasible, readily implemented, and in fact significantly reduce[s] a substantial risk of severe pain.'" *Id.* (quoting *Baze*, 553 U.S. at 52).

Mr. Jones has the burden of establishing both prongs of *Glossip* in this as applied challenge. *See Johnson v. Lombardi*, 809 F.3d 388, 391 (8th Cir.), cert. denied, 136 S. Ct. 601, 193 L. Ed. 2d 480 (2015) (considering both prongs of *Glossip* in an as-applied action); *but see Bucklew v. Lombardi*, 783 F.3d 1120, 1129 (8th Cir. 2015) (Bye, J., concurring in the result) ("[E]ven assuming the Court is correct a death row inmate in a facial challenge must identify an alternative method of execution, a death row inmate in an as-applied challenge is not required to do so."). The Court addresses the second prong of *Glossip* first. *Bucklew*, 783 F.3d at 1128 ("'The District Court will have the usual authority to control the order of proof, and if there is a failure of proof on the first element that it chooses to consider, it would not be an abuse of discretion to give

5

judgment for [defendants] without taking further evidence.'") (quoting *Helling v. McKinney,* 509 U.S. 25, 35 (1993)).

### 1. Alternative Method Of Execution

The Court finds that Mr. Jones failed to establish that there is a significant possibility that he could show that there is an alternative method of execution that is "'feasible, readily implemented, and in fact significantly reduce[s] a substantial risk of severe pain.'" *Glossip*, 135 S. Ct. at 2737 (quoting *Baze*, 553 U.S. at 52). In *McGehee*, the Eighth Circuit established that for an alternative method of execution to be available under *Glossip*, "the State must have access to the alternative and be able to carry out the alternative method relatively easily and reasonably quickly." *McGehee v. Hutchinson*, 2017 WL 1404693, at *3 (citing *Arthur v. Comm'r, Ala. Dep't of Corr.*, 840 F.3d 1268, 1300 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 725 (2017)). The Eighth Circuit determined that plaintiffs failed to meet their burden at the preliminary injunction stage because the availability of their proposed alternatives was "too uncertain to satisfy the rigorous standard under the Eighth Amendment." *Id.*

In this case, Mr. Jones does not identify any alternative methods of execution in addition to those suggested in *McGehee* (Dkt. No. 2, at 10-13). He did not offer additional evidence pertaining to his proposed alternative methods during this evidentiary hearing. Mr. Jones offers additional safeguards, which he contends "the State could easily establish to prevent violating his Eighth Amendment right to be free from cruel and unusual punishment" (Dkt. No. 9, at 10-11). However, Mr. Jones does not establish how these additional safeguards would "in fact significantly reduce a substantial risk of severe pain." *Baze*, 553 U.S. 35 at 52. Therefore, in the light of the Eighth Circuit's findings in *McGehee*, which are binding on this Court, Mr. Jones has not met his burden, at this stage, of establishing the second prong of *Glossip*.

### 2. Severe Pain

In *McGehee*, the Eighth Circuit found that this Court's "factual findings would not support a conclusion that the prisoners have a likelihood of success in showing that the execution protocol is sure or very likely to cause severe pain." *McGehee*, 2017 WL 1404693, at *2. Going further, the Eighth Circuit found that "[t]he equivocal evidence recited by the district court falls short of demonstrating a significant possibility that the prisoners will show that the Arkansas protocol is 'sure or very likely' to cause severe pain and needless suffering." *Id.*, at *3. The Court finds that Mr. Jones fails to offer sufficient evidence in addition to the evidence already presented to establish a significant possibility that he could successfully show that Arkansas's execution protocol, as applied to him, is sure or very likely to cause severe pain.

Dr. Zivot testified that, in his opinion, midazolam would likely "not work" on Mr. Jones because Mr. Jones takes prescribed gabapentin and methadone and suffers from diabetes and sleep apnea. Gabapentin is an anticonvulsant used to treat seizures and to treat nerve pain in adults. Methadone is a long acting narcotic used as a pain reliever. According to Dr. Zivot, individuals who take chronic gabapentin and methadone, especially at the significant doses that Mr. Jones takes, will experience decreased sensitivity to drugs like midazolam. As a result, Dr. Zivot opined that the consciousness check called for by the Arkansas Midazolam Protocol will fail, and Mr. Jones will die as a consequence of the vecuronium bromide by suffocating when he is aware that he is suffocating, which would be extremely painful and terrifying. Further, Dr. Zivot has concern regarding Mr. Jones's status as a diabetic. His blood sugar fluctuates wildly, and a failure to monitor his blood sugar around the time of the execution may lead to very low blood sugar resulting in brain injury, according to Dr. Zivot. He has had an amputation due to his very poor circulation and diabetes. Mr. Jones also was diagnosed with sleep apena by Dr. Zivot during his

physical examination. Dr. Zivot testified that, as a result of sleep apena, if given midazolam, it is very likely that Mr. Jones would react differently from other condemned inmates. Dr. Zivot stated that this condition, in combination with Mr. Jones's other conditions, will result in midazolam not working on Mr. Jones and leading to an extremely painful and terrifying death by suffocation when Mr. Jones is aware and not unconscious.

Based on the Eighth Circuit's decision in *McGehee*, the Court finds that Dr. Zivot's testimony, in addition to the evidence already considered by this Court in *McGehee*, "falls short of demonstrating a significant possibility that [Mr. Jones] will show that the Arkansas protocol is 'sure or very likely' to cause severe pain and needless suffering." *Id.*

### III. Conclusion

Mr. Jones' motion for a preliminary injunction is denied (Dkt. No. 8).

So ordered this 21st day of April, 2017.

_____
Kristine G. Baker
United States District Judge